## Swango et al. v. McCoun et al.

Dec. 18, 1945.

Nickell & Nickell for appellants.

William & Allen and Leeburn Allen for appellees.

OPINION OF THE COURT BY JUDGE DAWSON—Reversing.

On March 20, 1888, Harrison Swango and his wife conveyed to his son, Harmon Swango, an acre of land and certain privileges in a nearby mineral spring. The deed recited that "in consideration of love and affection, and one dollar in hand paid, the party of the first part (Harrison Swango) sells and conveys to the party of the second part (Harmon Swango) a parcel of land containing one acre—describing it—to have and to hold the property hereby conveyed unto the party of the second part and heirs, together with all the improvements and appurtenances thereunto belonging. And the party of the second part is hereby granted the privilege of free access and use of the water of a certain mineral spring nearby, for the use and benefit of his house and those who may see proper to lodge with him at his house during the natural lifetime of the party of the second part; then in that event the title to him for the within named property is to vest in fee simple in the children and heirs of the body of the second party forever; to have and to hold the property hereby conveyed unto the party of

the second part and his heirs as before described forever; and the party of the first part will warrant and defend the title to his said property unto the party of the second part and his heirs with covenants of general warranty."

Later on Harrison Swango sold the land on which the spring is located to J. S. Rittenhouse. The deed to Rittenhouse recited that it included the spring, but does not refer to the deed to Harmon Swango or mention the fact that Harmon Swango had any right to or interest in the spring.

Rittenhouse closed the spring to Harmon Swango and deprived him of the use of the water, whereupon Swango brought an action to restrain Rittenhouse from interfering with his right of access to the spring and the use of the water therefrom. That case finally reached this court and in an opinion styled Rittenhouse v. Swango, 97 S. W. 743, 30 Ky. Law Rep. 145, it was held that Harmon Swango had an easement in the spring with the right of access thereto.

Harmon Swango lived on this acre of land until 1927, when he died leaving surviving him four children, R. P. Swango, H. E. Swango, R. S. Swango and Mollie Swango. R. P., H. E. and R. S. Swango conveyed their interest in the acre of land to Mollie Swango and she lived there from 1927 until 1941. Her heirs conveyed their interest in the one acre to H. E. Swango and in March, 1943, H. E. Swango conveyed his interest to R. P. and Flossie Swango, who are now the sole owners of the land and the appellants herein. In each one of the deeds just mentioned there is a conveyance to the vendee of a right to use the water from the spring.

Appellees claim title under J. S. Rittenhouse, the appellee, Grace McCoun, being the daughter of one Crock Coldiron, who purchased the land from J. S. Rittenhouse. Grace McCoun purchased the interest of her brothers and sisters after the death of her father. It will be noted, therefore, that the parties to this proceeding are in privity with the parties in the case reported in 97 S. W. 743, 30 Ky. Law Rep. 145, hereinabove referred to. In 1943 the McCouns locked the spring house and refused to permit appellants to obtain any water therefrom and this action seeks a judgment declaring

that the Swangos are entitled to an easement in said spring.

The case was tried below on a stipulation, all the deeds mentioned herein having been filed as exhibits with the pleadings. The stipulation is as follows:

"It is stipulated and agreed between the parties to this action that the defendants Grace D. McCoun and Glenn McCoun are the owners of the land on which Swango Spring is located or situated; and that the plaintiffs are the owners of whatever interest Harmon Swango and they and those under whom they claim obtained in or to said Swango Springs under a conveyance made to him or them by Harrison Swango and his wife on March the 20th, 1888.

"It is further stipulated and agreed that the decision in this case and the rights of the parties in this action may be determined by this court from said deed and its construction by the Court of Appeals in an action between Harmon Swango, plaintiff, and J. S. Rittenhouse, defendant, copy of which is filed with the petition herein, in so far as said opinion affects the rights of the parties to this action as privies."

The trial court dismissed the petition on the ground that the words "and assigns," which appear in the habendum clause following the description in the original deed from Harrison Swango to Harmon Swango, had been deleted. Because of this the court was of the opinion that the right granted to Harmon Swango to use the spring was extinguished with his death and did not descend to his heirs.

It is the claim of appellants that the right to use the spring, which was granted Harmon Swango, is an easement that runs with the land, while appellees claim that the right which Harmon Swango acquired was merely a license, personal to him, which expired at his death.

The court has carefully considered the language in the deed from Harrison to Harmon Swango. It is quite apparent that the deed was drawn by a layman but we have determined that a correct construction of the language used gave to Harmon Swango a life estate in both the one acre of land and the right to the use of the spring, and that the one acre, together with the right to use the spring, descended at his death to his heirs at law.

This is the same conclusion reached by this court when the same deed was considered before, as is shown by the following language:

"* * * appellant complains, and insists, first, that the deed passed no right to the use of the water; second, that the right to use the water and access to the spring was a license, and not an easement, and, being a license, Harrison Swango had the right to revoke it at pleasure, and did so by his conveyance to appellant. In view of the relationship between the parties, the consideration of love and affection was sufficient to support the conveyance, and the grant of the privilege in and access to the spring is as much a part of the instrument as the conveyance of the land. The fact that the spring is not mentioned in the granting clause in connection with the land does not make the privilege concerning it any less a part of the deed. The entire instrument must be construed together, and meaning and effect given to all the language, as there are no inconsistent or contradictory provisions or clauses in the deed. * * *

"The deed conveyed to appellee an easement in the spring, with the right of access thereto, in unmistakable language, supported by a sufficient consideration."

No doubt we could have reached the same conclusion on the theory that the question is res adjudicata but as indicated, a reconsideration of the deed of 1888 leads us to the same conclusion which the court reached before.

From what we have said, it is apparent that the judgment of the lower court was erroneous and it is accordingly reversed for proceedings consistent with this opinion.